UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN DAIN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:07-cv-195-LJM-DML |
| ) | |
| MARK MITCHELL, Sheriff, et al., ) | |
| ) | |
| Defendants. ) | |

**Memorandum Decision Regarding Defense
of Failure to Exhaust Administrative Remedies**

For the reasons explained in this Entry, the defendants' affirmative defense that plaintiff John Dain failed to exhaust available administrative remedies prior to filing this lawsuit is **sustained.**

**Discussion**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The failure to exhaust as required by the PLRA is an affirmative defense and it is a defendant's burden to prove that a prisoner has not exhausted available administrative remedies. *See Jones v. Bock,* 127 S. Ct. 910, 921 (2007); *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005). The Seventh Circuit has instructed that when exhaustion is contested, the district court is to "conduct[ ] a hearing on exhaustion and permit[ ] whatever discovery relating to exhaustion (and only to exhaustion) he deems appropriate." *Pavey v. Conley*, 528 F.3d 494, 497-98 (7th Cir. 2008). In this case, the defendants failed to meet their burden of establishing their entitlement to judgment as a matter of law based on their motion for summary judgment, and it was this which necessitated a hearing pursuant to *Pavey.*

In his complaint, Dain alleges that officials at the Clinton County Jail ("Jail") subjected him to cruel and unusual punishment. Dain brings claims regarding excessive lighting conditions, inadequate toilet and drinking water, and denial of adequate legal research while at the Jail. In his amended complaint, he further alleges that on December 7, 2006, he was placed in log chains, naked, and in a cell with no bedding and suffered physical injuries as a result.

   The defendants assert that Dain failed to exhaust his administrative remedies with regard to the claims he presents. The credible evidence here establishes the following: Although Dain filed five grievances while at the Jail, none of those grievances concern the lighting conditions, toilets, drinking water, denial of access to legal research materials, or medical care for injuries. Dain did file a grievance regarding the incident in which he was placed in log chains, but the defendants assert that this grievance is not sufficiently similar to Dain's claims to satisfy the requirement of exhaustion of administrative remedies. The PLRA's exhaustion requirement is designed to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v Nussle*, 534 U.S. 516, 524-25 (2002). Dain's grievance states that he was subjected to a taser deployment on December 7, 2006, and that he "was also placed in log chains." The credible testimony at the hearing establishes that this statement was insufficient to notify Jail officials that Dain was alleging, as he alleges in his complaint, that he had suffered physical injury as a result of the manner in which he was restrained or that he was complaining about the length of time in which he was restrained. Here, because Dain did not identify any physical injury in his grievance or request medical care for injuries resulting from his placement in log chains, Jail officials did not have the opportunity to address his complaint that he suffered physical injuries as a result of being placed in log chains. Accordingly, Dain failed to exhaust his administrative remedies on this issue as well.

   In sum, Dain did not exhaust administrative remedies with respect to his claims regarding excessive lighting conditions, inadequate toilet and drinking water, and denial of adequate legal research while at the Jail because he did not file a grievance on those issues. He further failed to exhaust his administrative remedies with respect to his complaint regarding the amount the amount of time he spent in log chains and the physical injuries he incurred as a result because the bare statement in his grievance form that he "was also placed in log chains" was insufficient to put Jail officials on notice of the claims he brings in this lawsuit.

## Conclusion

   For the reasons stated above, the defendants have met their burden of proving that Dain "had available remedies that [he] did not utilize." *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004). The defendants' affirmative defense of failure to exhaust administrative remedies is therefore **sustained** and Dain's case will be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.") Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

Date: 12/02/2009

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana